The Honorable Carson Ross Representative, District 49 State Capitol Building, Room 105J Jefferson City, Missouri 65101
Dear Representative Ross:
This opinion is in response to your question asking:
 Does Section 247.170 RSMo. provide a method whereby a county public water supply district may, upon annexation by a city owning a water supply system, require the detachment of the area annexed by the city and the assumption by the city of a proportionate part of the district's debt, without the consent and agreement of the city?
Section 247.170, RSMo 1986, provides:
 247.170. Detachment of part of district included in city — procedure — election. — 1. Whenever any city owning a waterworks or water supply system extends its corporate limits to include any part of the area in a public water supply district, and the city and the board of directors of the district are unable to agree upon a service, lease or sale agreement, or are unable to proceed under section 247.160, then upon the expiration of ninety days after the effective date of the extension of the city limits, that part of the area of the district included within the corporate limits of the city may be detached and excluded from the district in the following manner:
 (1) A petition to detach and exclude that part of the public water supply district lying within the corporate limits of the city as such limits have been extended, signed by not less than twenty-five voters within the water supply district, shall be filed in the circuit court of the county in which the district was originally organized.
 (2) The court, being satisfied as to the sufficiency of the petition, shall call a special election of the voters of the district at which election the proposal to detach and exclude the part of the district lying within the corporate limits of the city shall be submitted to the voters in the entire district for a vote thereon, if the city has first agreed to the holding of the election. The election shall be conducted within the district by the election authority.
 (3) The ballot shall briefly state the question to be voted on.
 (4) In order to approve the detachment and exclusion of any part of the area in a public water supply district, the proposal shall require the approval of not less than a majority of the voters voting thereon.
 (5) The election authorities shall thereafter promptly certify the result to the circuit court. The court, acting as a court of equity, shall thereupon without delay enter a decree detaching and excluding the area in question located within the corporate limits of the city from the public water supply district; except that before the decree detaching and excluding the area becomes final or effective, the city shall show to the court that it has assumed and agreed to pay in lump sum or in installments not less than that proportion of the sum of all existing liquidated general obligations and of all unpaid revenue bonds and interest thereon to date, of the water supply district as the assessed valuation of the real and tangible personal property within the area sought to be detached and excluded bears to the assessed valuation of all of the real and tangible personal property within the entire area of the district, according to the official county assessment of property as of December thirty-first of the calendar year next preceding the date of the election, and in addition thereto that the city has assumed and agreed to pay the court costs.
 (6) The decree shall thereupon vest in the city the absolute title, free and clear of all liens or encumbrances of every kind and character, to all tangible real and personal property of the public water supply district located within the part of the district situated within the corporate limits of the city with full power in the city to use and dispose of the tangible real and personal property as it deems best in the public interest.
 (7) If the proposal fails to receive the approval of the voters the question may be again presented by another petition and again voted on, but not sooner than six months.
 (8) Any and all sums paid out by the city under this section, other than the costs of the election, shall be administered by the circuit court for the benefit of the holders of the then existing and outstanding bonds of the district, and the remainder of such sums, if any, shall be delivered to the district to be expended in the operation, maintenance and improvement of its water distribution system.
 2. Upon the effective date of any final order detaching and excluding any part of the area of any public water supply district, or leasing, selling or conveying any of the water mains, plant or equipment therein, the circuit court may, in the public interest, change the boundaries of the public water supply district and again divide or redivide the district into subdistricts for the election of directors in conformity with the provisions of section 247.040, without further petition being filed with the court so to do. [Emphasis added.]
In construing a statute, legislative intent should be determined from the language used, considering words in their plain and ordinary meaning. Metro Auto Auction v. Director ofRevenue, 707 S.W.2d 397, 401 (Mo. banc 1986). Courts must construe a statute as it stands and must give effect to it as it is written. Wilson v. McNeal, 575 S.W.2d 802, 810 (Mo.App. 1978). A court may not engraft upon the statute provisions which do not appear in explicit words or by implication from other language in the statute. Id. Section 247.170.1(2) and (5) clearly state that the city must agree to the detachment proceedings. In Missouri Public Service Company v. Platte-ClayElectric Cooperative, Inc., 407 S.W.2d 883 (Mo. 1966), the Missouri Supreme Court identified Section 247.170, RSMo, as providing "a method by which the municipality may acquire the assets of a district lying within an area annexed by a city,without the consent or agreement of the district." Id.,407 S.W.2d at 892. [Emphasis in original.]
Based upon the court's interpretation and the plain meaning of Section 247.170, RSMo 1986, we conclude that this section does not provide a method whereby a county public water supply district may, upon annexation by a city owning a water supply system, require the detachment of the area annexed by the city and the assumption by the city of a proportionate part of the district's debt, without the consent and agreement of the city.
CONCLUSION
It is the opinion of this office that Section 247.170, RSMo 1986, does not provide a method whereby a county public water supply district may, upon annexation by a city owning a water supply system, require the detachment of the area annexed by the city and the assumption by the city of a proportionate part of the district's debt, without the consent and agreement of the city.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General